UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**UNITED STATES OF AMERICA**                                   **CRIMINAL ACTION**

**VERSUS**                                                                      **No. 14-69**

**NASER YOUSEF GHEITH**                                        **SECTION I**

**ORDER & REASONS**

Defendant Nasar Yousef Gheith's ("Gheith") has submitted a motion[1] for appointment of legal counsel; to file a rebuttal to the government's opposition to his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i);[2] and to be included in the provisional class in a case in the United States District Court for the Central District of California.[3] The motion is denied in part, granted in part, and dismissed without prejudice in part. The Court will address each request in turn.

I.

Gheith states that his attorney of record has retired, and he asks whether the Court will be assigning him a new attorney.[4] The Court treats this inquiry as a request for the appointment of counsel. That request is denied.

There is no constitutional right to appointed counsel in post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."). In the context

---

[1] R. Doc. No. 184-1, at 4.
[2] *Id.* at 3.
[3] *Id.* at 5.
[4] *Id.* at 4.

of 18 U.S.C. § 3582(c)(2) motions, which are analogous to compassionate release motions pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) like Gheith's, "the Fifth Circuit has held that defendants have no statutory or constitutional right to counsel." *United States v. Joseph*, No. 15-307, 2020 WL 3128845, at *1 (E.D. La. June 12, 2020) (Vance, J.) (citing *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995); *United States v. Moore*, 400 F. App'x 851, 852 (5th Cir. 2010) (per curiam)).

"Although a defendant in a § 3582(c) motion does not have a statutory or constitutional right to appointment of counsel, the Court may appoint counsel in the interest of justice." *United States v. Mogan*, No. 14-040, 2020 WL 2558216, at *4 n.29 (E.D. La. May 20, 2020) (Morgan, J.) (quoting *United States v. Rodriguez*, No. 10-17, 2015 WL 13664966, at *2 (S.D. Tex. Aug. 20, 2015) (citing *United States v. Robinson*, 542 F.3d 1045, 1051–52 (5th Cir. 2008))); *see also* 18 U.S.C. § 3006A(a)(2) (allowing appointment of counsel under certain circumstances when "the court determines that the interests of justice so require"). The interests of justice do not require that counsel be appointed where a "[defendant's] . . . motion d[oes] not involve complicated or unresolved issues" or where a defendant proves capable of representing himself *pro se*. *See Joseph*, 2020 WL at *2 (quoting *Moore*, 400 F. App'x at 852 (addressing a § 3582(c)(2) motion on appeal)) (internal citation and alterations omitted);

The interests of justice do not require that the Court appoint counsel for Gheith. The motion at issue is not complex, *see United States v. Drayton*, No. 10-20018, 2020 WL 2572402, at *1 (D. Kan. May 21, 2020) ("[A] claim for compassionate release is not particularly complex factually or legally."), and Gheith has proven fully

capable of representing himself on the matter pro se.[5] *See United States v. Delco*, No. 09-57, 2020 WL 4569670, at *2–3 (E.D. La. Aug. 7, 2020) (Ashe, J.) (declining to appoint counsel to a defendant seeking compassionate release, observing that there was "[no] . . . indication" that the defendant, who had submitted a twenty-two page brief, was "incapable of adequately presenting his motion pro se."); *see also United States v. Hames*, No. 09-39, 2020 WL 3415009, at *1 (E.D. Tex. June 19, 2020) (denying appointment of counsel for defendant seeking compassionate release who submitted a well-reasoned, albeit ultimately unsuccessful brief, and provided no basis to suggest that appointment of counsel would help him obtain relief).

## II.

Gheith also requests that the Court "not issue a ruling on my motion until after receiving my rebuttal."[6] The Court interprets this request as a motion for leave to file a memorandum in reply to the government's opposition[7] to his motion for a sentence reduction. On August 3, 2020, Gheith wrote that the reply would be "ready for the Court's review no later than August 12, 2020."[8] The Court received Gheith's reply on August 10, 2020.[9] Accordingly, the Court will grant Gheith's leave to file a reply memorandum in support of his motion for a sentence reduction.

---

[5] *See* R. Doc. Nos. 176 & 178 (providing cogent arguments seeking compassionate release, providing supporting documentation, and making additional requests of the Court).
[6] R. Doc. No. 184-1, at 1.
[7] R. Doc. No. 180.
[8] R. Doc. No. 178.
[9] R. Doc. No. 184.

### III.

Finally, Gheith requests that the Court add him to the "Provisional Class" in *Torres v. Milusnic*, No. 20-04450, 2020 WL 4197285 (C.D. Cal. July 14, 2020) (granting preliminary class certification in class action challenging the conditions of confinement at FCI Lompoc as violative of the Eighth Amendment pursuant to 28 U.S.C. §§ 2241, 2243, 1331, and 5 U.S.C. § 702). Gheith, who is incarcerated at FCI Lompoc, asserts that he qualifies for inclusion in that class because of his alleged obesity, shortness of breath, and history of smoking.[10] The Court does not have jurisdiction over this matter; Gheith should instead direct this request to the United States District Court of the Central District of California.

### IV.

Accordingly,

**IT IS ORDERED** that Gheith's request for the appointment of counsel is **DENIED**.

**IT IS FURTHER ORDERED** that Gheith's motion for leave to file a reply memorandum in support of his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) is **GRANTED**.

---

[10] R. Doc. No. 184-1, at 5.

5

**IT IS FURTHER ORDERED** that Gheith's request to be added to the provisional class in *Torres v. Milusnic*, No. 20-04450, 2020 WL 4197285 (C.D. Cal. July 14, 2020) is **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, August 18, 2020.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**