UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No. 14-69 |
| NASER YOUSEF GHEITH | SECTION I |

### ORDER & REASONS

Before the Court are two motions filed by defendant Naser Yousef Gheith ("Gheith"): (1) a motion for reconsideration[1] of the Court's previous Order[2] denying his motion for compassionate release[3] pursuant to 18 U.S.C. § 3582(c)(1)(A) and (2) a motion to appoint counsel.[4] The motions are dismissed and denied for the following reasons.

### I.

### A. Compassionate Release

On October 16, 2020, Gheith filed a notice of appeal of the Court's denial of compassionate release.[5] As such, this Court lacks jurisdiction to reconsider the motion.[6] *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers

---

[1] R. Doc. No. 190.
[2] R. Doc. No. 187.
[3] R. Doc. No. 178.
[4] R. Doc. No. 191.
[5] R. Doc. No. 188; *see* R. Doc. No. 189 (listing the Fifth Circuit Case Number as 20-30653).
[6] The Court notes that Gheith filed his notice of appeal before he filed his motion to reconsider. *See* R. Doc. No. 190 (filed on November 2, 2020).

jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal"); *see also Wooten v. Roach*, 964 F.3d 395, 403 (5th Cir. 2020) (finding that the district court erred by "attempt[ing] to assert jurisdiction over aspects of the case involved in the appeal, which *Griggs* forbids" (internal quotation and emphasis omitted)). Gheith has appealed the same motion he asks the Court to reconsider. In doing so, he has deprived the Court of jurisdiction.

## B. Appointment of Counsel

Gheith's second motion asks "for a court appointed attorney who can get me [l]egal documents that I need."[7] He adds that his "prior court appointed attorney said he has retired."[8] Confusingly, Gheith also requests that the Court "order" his former counsel, Wayne Mancuso "to get" the documents.[9] Gheith does not state whether the request for counsel pertains to his motion for compassionate release or otherwise.[10]

The Court has previously considered and denied Gheith's request for the appointment of legal counsel in connection with his motion for compassionate release.[11] It appears that this motion for appointment of counsel relates to a potential request for relief pursuant to 28 U.S.C. § 2255. When denying Gheith's previous motion, the Court explained that there is no constitutional right to appointed counsel

---

[7] R. Doc. No. 191.
[8] *Id.*
[9] *Id.* The Court notes that Wayne Mancuso was appointed to represent Gheith in his criminal proceedings in January 2017. R. Doc. No. 145. While Mancuso has not filed a motion to withdraw, it does not appear that he has been involved in Gheith's post-conviction filings and he has not made an appearance in the appeal pending before the Fifth Circuit.
[10] R. Doc. No. 191, at 1.
[11] R. Doc. No. 185; *see* R. Doc. No. 184-1, at 4.

in post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."). Regardless, Gheith has not yet filed such a post-conviction request for relief. Consequently, the Court cannot evaluate whether the appointment of counsel would be appropriate; any such ruling would be premature.

## II.

Accordingly,

**IT IS ORDERED** that Gheith's motion for reconsideration of his motion for compassionate release is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Gheith's motion for the appointment of counsel is **DENIED**.

New Orleans, Louisiana, December 16, 2020.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE